## L. W. CLARK v. H. E. HOOVER ET AL.

Decided May 28, 1908.

**1.—Innocent Purchaser—Record of Title—Transfer of Land Certificate.**

Purchasers of land, in good faith and for value, from heirs of the patentee are protected against the equitable title of one holding through an assignment of the certificate not of record in the county where the land was located. This principle applies where an assignment of the original certificate had been returned to and filed in the General Land Office with the certificate and the field notes of a former location, such location partly abandoned by reason of conflict, and certificate for unlocated balance relocated in another county, patented to the original grantee, and sold by his heirs to innocent purchasers.

**2.—Deed—Forgery—Alteration.**

Alteration of a deed by forgery of the name, as grantor, of a part owner not joining in its execution does not affect its validity to pass the title of those executing it. Harper v. Stroud, 41 Texas, 368, and other cases of alteration of notes and executory contracts distinguished.

ON REHEARING.

**3.—Innocent Purchaser.**

One buying land without notice of an unrecorded conveyance by a remote grantor to another is protected, without showing that his immediate grantor was also without notice.

Appeal from the District Court of Hemphill County. Tried below before Hon. H. G. Hendricks.

*E. C. Gray* and *Willis & Willis,* for appellant.—Plaintiff holding under a recorded deed against a prior unrecorded deed, and an affidavit of forgery having been filed, plaintiff overcame the affidavit of forgery by a preponderance of the evidence as to a part of the land sued for, and also proved that he was an innocent purchaser under said recorded deed, and otherwise discharged his burden of proof. He was entitled to a judgment for all of said land except that part to which he failed to establish title, to wit, John Wilson's interest. Rev. Stats., arts. 5270, 5271; Peterson v. McCauley, 25 S. W., 826, citing 62 Texas, 610; Gulf, C. & S. F. Ry. Co. v. Gill, 5 Texas Civ. App., 496; Russell v. Oliver, 78 Texas, 11; Lewis v. Johnson, 68 Texas, 448, 38 Texas, 530, 56 Texas,

250; Johnson v. Newman, 43 Texas, 628, 59 Texas, 428, 77 Texas, 458, 5 Texas Civ. App., 513; 36 L. R. A., 541, note c.

*W. T. Allen* and *R. R. Taylor*, for appellees.—The undisputed evidence showing that the deed from M. I. Robinson, D. Q. Owen, M. E. Owen and W. H. Wilson to Wm. H. Hamman, had been fraudulently and materially altered by forging the name of John Wilson thereto, and forging a notary's certificate of acknowledgment of the said Wilson thereto, said deed being objected to by defendants because the same had been fraudulently and materially altered, the same was not admissible as evidence, and the plaintiff having offered no other evidence of title from the grantors in said deed the court properly rendered judgment in favor of the defendants. Park v. Glover, 23 Texas, 469; Harper v. Stroud, 41 Texas, 372; Hanrick v. Kavanaugh, 60 Texas, 22; Collins v. Ball, 82 Texas, 259; Dewees v. Bluntzer, 70 Texas, 406; Barber v. Geer, 23 Texas Civ. App., 531; 2 Cyc., 181.

Under the law, the Morgan certificate having been transferred and sold to David Rice, the patent issued in the name of A. J. Morgan, inured to the benefit of David Rice as such assignee, and a deed from the heirs of Andrew J. Morgan subsequently made conveying the land to Wm. H. Hamman passed no estate in the land as against David Rice, and those holding under him. The legal title to the land was therefore in David Rice. Merriweather v. Kennard, 41 Texas, 273; Burkett v. Scarbrough, 59 Texas, 495; Delk v. Punchard, 64 Texas, 36; Hollis v. Dashiell, 52 Texas, 187.

WILLSON, CHIEF JUSTICE.—The suit was to try the title to the A. J. Morgan survey of 995 acres in Hemphill County. It was brought by appellant against the appellees Hoover and Hood. The petition was in the statutory form. The answer was a plea of not guilty. The trial was before the court and without a jury, resulting in a judgment in favor of appellees.

January 20, 1838, a bounty warrant for 1280 acres of land was issued to *Anam* J. Morgan, who at a date not shown by the record died, leaving surviving him his widow Catherine, and their children, Alice C. Morgan and Allen Morgan. Both the children died prior, it seems, to March 19, 1856. The widow married W. H. Wilson, but when does not appear. As the sole heir at law of Alice C. and Allen Morgan, on March 19, 1856, the widow joined by her then husband W. H. Wilson executed an instrument in writing whereby she conveyed the bounty warrant to David Rice. She died in 1868, leaving surviving her her husband, W. H. Wilson, her daughters, M. E. Owen and M. I. Robinson, and her son John Wilson. By virtue of the bounty warrant mentioned, on May 7, 1861, a survey of 995 acres of land was made in Johnson County, and on January 1, 1866, by virtue of the same warrant a survey of 285 acres was made in Hill County. The field notes of both the surveys with the warrant by virtue of which they were made and the transfer to Rice were returned to and filed in the General Land Office on January 18, 1866. The survey of 285 acres was patented to Anam J. Morgan May 23, 1867. The survey of 995 acres was found to be in conflict with older valid surveys and therefore was abandoned. Novem-

ber 11, 1870, a certificate authorizing the location and survey of the balance of 995 acres of the bounty warrant was issued by the Commissioner of the General Land Office to *Andrew* J. Morgan. By virtue of this unlocated balance certificate a survey of 995 acres of land was made in Hemphill County, December 9, 1874, and the survey so made was patented to *Andrew* J. Morgan December 18, 1877. September 9, 1886, for a recited consideration of one dollar and the conveyance to them of "a tract of land lying and situated in Robertson County," said W. H. Wilson and his daughters M. E. Owen and M. I. Robinson, joined by their respective husbands, conveyed the 995 acres of land so patented to W. H. Hamman. On its face this deed purported also to have been executed by the son, John Wilson, but on the trial he testified that he had not executed it. It was filed for record in Hemphill County on December 30, 1887. By their deed dated January 27, 1888, Hamman and his wife in consideration of $995 then to them paid conveyed the 995 acres to S. B. Montgomery and appellant L. W. Clark. This deed was filed for record in Hemphill County on February 13, 1888. Montgomery afterwards conveyed his interest in the land to appellant. The transfer of the bounty warrant to Rice was not filed for record in Hemphill County until February 24, 1888. At the time they purchased of Hamman, neither Montgomery nor appellant had any actual notice of the conveyance to Rice, nor did they have knowledge of any facts suggesting the necessity for inquiry as to the existence of such a transfer, but purchased of Hamman in good faith, believing they were thereby acquiring the true title to the land.

*After stating the facts.*—The conclusions reached by the court below are not a part of the record on this appeal. Therefore we are not advised as to the grounds upon which the judgment complained of was rendered.

The effect of the transfer by Catherine Wilson of the original bounty warrant was to pass to Rice the equitable title to the land in controversy. Tevis v. Collier, 84 Texas, 642; Culmell v. Borroum, 13 Texas Civ. App., 458; Hermann v. Reynolds, 52 Texas, 395; Lewis v. Johnson, 68 Texas, 449. The judgment in favor of appellees as the owners of the Rice title therefore should be affirmed, unless appellant is entitled to protection as an innocent purchaser of the land for a valuable consideration paid for same. It is well settled that such a purchaser from the heirs is entitled to hold as against one claiming under an unrecorded deed from the ancestor. Vaughan v. Greer, 38 Texas, 531; Holmes v. Johns, 56 Texas, 41; Thorn v. Frazer, 60 Texas, 263. It is also the law that the mere filing in the General Land Office of a conveyance of the land or of the certificate by virtue of which it had been or was to be surveyed will not operate—as would the filing of such conveyance with the county clerk of the county in which the land is situated—as constructive notice thereof to a subsequent purchaser. Sayles' Stat., art. 4988; Lewis v. Johnson, 68 Texas, 450; Brown v. Henderson, 31 S. W., 315; West v. Loeb, 16 Texas Civ. App., 399; Thompson v. Langdon, 87 Texas, 259. The transfer to Rice had not been filed for record in Hemphill County at the time appellant and Montgomery purchased the land of Hamman. The evidence is uncontroverted that at the time they purchased it they paid value for the land. The evidence also is uncontroverted that at the

time they purchased it, they believed they were acquiring from Hamman a good and perfect title to the land, and did not have knowledge of any circumstance calling for further inquiry than they made to determine the status of the title. Having, as shown by the record, purchased the land in good faith for a valuable consideration, paid therefor without notice, either actual or constructive, of the Rice title, it follows that as against appellees appellant should have recovered, unless he failed to prove the execution, by the parties conveying as the heirs of Catherine Wilson, of the deed to Hamman. By an affidavit filed this deed was attacked as a forgery. But as to W. H. Wilson and his daughters, Mrs. Owen and Mrs. Robinson, and their husbands, it was conclusively shown to have been their deed. As to John Wilson, the son, the testimony was otherwise. He testified that he never executed the instrument; and while there are circumstances in the record tending strongly to show he did execute it, we can not say they are so strong as to overcome his positive testimony to the contrary, and as to justify us in finding that he did execute it, in face of the presumption which should be indulged in favor of the judgment rendered.

Insisting that the conveyance to Hamman as to John Wilson was shown to be a forgery, appellees contend that for that reason it was not competent to show a conveyance to Hamman by the other parties to the instrument. As supporting their contention appellees rely upon Harper v. Stroud, 41 Texas, 368. There the name of another had been fraudulently added as a joint maker, with others who had executed it, of a promissory note. The court said: "We think the modern authorities, with but few exceptions, agree that the addition by the payee or holder of the name of a person, as a joint and several maker of a note, after it has been completed, issued and negotiated, without the consent of the original makers, discharges them from liability on the note." The rule as stated by the court in that case seems to be well established. 1 Green Ev., sec. 565; 2 A. & E. Ency. Law, 2d ed., pp. 185 et seq. But in the application of the rule a distinction as well established as the rule itself is made between executed and executory contracts. "If," says Prof. Greenleaf, "the grantee of land alter or destroy his title-deed, yet his title to the land is not gone. It passed to him by the deed; the deed has performed its office as an instrument of conveyance, and its continued existence is not necessary to the continuance of title in the grantee; but the estate remains in him until it has passed to another by some mode of conveyance recognized by law." 1 Green Ev., sec. 568, and see 2 A. & E. Ency. Law, p. 197; Stanley v. Epperson, 45 Texas, 645; Chesman v. Whittemore, 23 Pick. (Mass.), 231; Alexander v. Hickox, 86 Am. Dec., 118; Kendall v. Kendall, 12 Allen (Mass.), 92. In Hatch v. Hatch, 6 Am. Dec., 70, it was held that an alteration made in a deed conveying land after its delivery, did not render it inadmissible as evidence of title in the grantee. The same ruling was made in Jackson v. Gould, 7 Wend. (N. Y.), 364, and in effect in Woods v. Hilderbrand, 46 Mo., 284, 2 Am. Rep., 514. The authorities cited we think amply support the conclusion we have reached that the deed to Hamman properly was admitted in evidence, and had the effect to pass to him the apparent legal title in W. H. Wilson, Mrs. Owen and Mrs. Robinson to an undivided interest in the land.

It clearly appearing from the record before us that appellant was entitled to recover of appellees the undivided interests apparently owned by Mrs. Robinson and Mrs. Owen at the time they conveyed to Hamman, the judgment of the court below will be reversed and a judgment will be here so rendered as to vest in appellant an undivided two-thirds interest in the land.

ON MOTION FOR A REHEARING.

After carefully considering the grounds for a rehearing urged by appellees in their motion, we are of the opinion that the appeal has been properly disposed of. The correctness of the conclusion reached by us that, as to the interests of Mrs. Owen and Mrs. Robinson in the land, appellant was entitled to protection because he and Montgomery in acquiring their title from Hamman were innocent purchasers for value without notice of appellees' title, is vigorously attacked in appellees' argument in support of their motion. It is insisted that they could not claim as such purchasers without showing also that Hamman was entitled to protection as an innocent purchaser, and we are referred to Illies v. Frerichs, 11 Texas Civ. App., 575, as conclusively establishing their contention. We do not so understand that case. There the appellees Frerichs, who were claiming under one Guilbeau, had acquired their title after the better title in appellants Illies had been spread upon the records. They could not claim as purchasers without notice, because they had notice. They could not claim protection on the ground that Guilbeau, whose title they had acquired, was an innocent purchaser for value without notice of Illies' title, because it did not appear that Guilbeau was such a purchaser. The court said: "There being no proof that Guilbeau was a purchaser for value, without notice, and the prior deed from Wernette to Castro, as well as others through whom appellants claim, being of record at the time the land was conveyed by Guilbeau to Frerichs and Fritz, the appellees could not maintain the defense of innocent purchasers by showing that they and their other vendors paid valuable considerations; for having constructive notice of a prior conveyance, it was absolutely necessary for them to show that their remote vendor, Guilbeau, was a purchaser in good faith for value, without notice of the prior deed of his vendor to 'Castro." It is apparent from the quotation made from the opinion of the court, that had it been shown that either Guilbeau or the Frerichs, claiming under him, were bona fide purchasers for value without notice of the Illies title, the appellees Frerichs would have been held to be entitled to protection. In this case, while it was not shown that Hamman was such a purchaser, it was shown that appellant and Montgomery, whose title he (appellant) had acquired, as to the Rice title, were such purchasers. That appellant afterwards may have conveyed the land, and, when appellees' title was of record, had it conveyed back to him, would not affect the question. Long v. Fields, 31 Texas Civ. App., 241; Durst v. Daugherty, 81 Texas, 650; Hill v. Moore, 62 Texas, 610.

The motion for a rehearing is overruled.

*Reversed and rendered.*

Writ of error refused.