In the Matter of the Estate of JANE E. SUTER, Deceased.

JANE E. STRAIL, Appellant; SARAH J. SPRAGUE, as Administratrix, Respondent.

(Argued November 23, 1931; decided January 5, 1932.)

*Charles B. O'Connell* for appellant. The withdrawal of the moneys from the joint bank account and the appro-

priation of the same to her own use by the decedent, in the manner established by the uncontroverted testimony, did not defeat the rights of survivorship therein of the appellant as surviving joint tenant. (Banking Law, § 198; *Marrow* v. *Moskowitz*, 255 N. Y. 219; *Moskowitz* v. *Marrow*, 251 N. Y. 380; *Clary* v. *Fitzgerald*, 155 App, Div. 659; 213 N. Y. 696.) During the lifetime of both. one joint tenant cannot lawfully withdraw from a joint bank account any part or the whole of a moiety and dispose of it as he may see fit, without the consent of his cotenant and without an agreement express or implied. (*Marrow* v. *Moskowitz*, 255 N. Y. 219; Schouler on Personal Property [5th ed.], 236; *Clary* v. *Fitzgerald*, 155 App. Div. 659; 213 N. Y. 696; *Matter of Tilley*, 169 App. Div. 240; 215 N. Y. 702; *O'Connor* v. *Dunnigan*, 158 App. Div. 334; 213 N. Y. 676; *Matter of Klenk*, 165 App. Div. 917; 214 N. Y. 715; *Moskowitz* v. *Marrow*, 251 N. Y. 380; *Matter of Porianda*, 256 N. Y. 423.)

*Jay A. Smith* and *Peter G. Smith* for respondent. The decedent was within her rights in making the withdrawals. (*Loker* v. *Edmans*, 204 App. Div. 223; *Moskowitz* v. *Marrow*, 251 N. Y. 380; *Matter of McKelway*, 221 N. Y. 15.)

POUND, J. On October 16, 1924, the decedent Jane E. Suter had on deposit to her credit in the Security Trust Company of Rochester $2,142.96. She transferred this deposit to an account in the name of herself and Jane E. Strail, the claimant, with the words " either or survivor may draw " stamped on the bank book at the head of the account. Decedent drew from the account $469.65 on February 24, 1927, and $445.13 on February 18, 1928. She died February 19, 1928. Claimant has drawn the balance of the deposit and no question is raised as to her right to do so. She claims, however, a share in the amount of the withdrawals and the accumulations thereon, which the courts below have denied to her.

The presumption of joint tenancy arising out of the original deposit (Banking Law; Cons. Laws, ch. 2, § 198), rebuttable during the life of either joint owner, has not been affected by the evidence. Decedent and claimant became joint owners of the entire deposit. The incident of the right of survivorship is a characteristic of joint tenancy but a joint tenancy may be terminated or severed before such right accrues by the act of either joint tenant. A joint tenant, as an incident to his tenure, may always terminate the joint tenancy by transfer or conveyance of his interest. (*Attorney General* v. *Clark*, 222 Mass. 291.) Decedent and claimant each had the right as a joint owner of the bank deposit to withdraw a moiety or less than a moiety for her own use and thus destroy the joint tenancy as to such withdrawals. Joint ownership of a bank deposit does not differ from any other joint ownership. Nothing in the Banking Law prevents one joint owner from destroying the joint ownership in the entire deposit to the extent of his withdrawals of no more than his equal share for his own use, although if the entire account had been withdrawn the result might have been otherwise. The cases seem clear on this point. (*Matter of McKelway*, 221 N. Y. 15; *Moskowitz* v. *Marrow*, 251 N. Y. 380; *Marrow* v. *Moskowitz*, 255 N. Y. 219; *Matter of Porianda*, 256 N. Y. 423; cf. *Hanigan* v. *Wright*, 233 App. Div. 82, 84; affd., 257 N. Y. 602.) Yet confusion continues as to the rules which apply.

The order should be affirmed, with costs.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed.