LOLA S. LEA, Appellant, v ROBERT M. LEA, Respondent.

First Department, November 3, 1977

*Diana Pinover* of counsel *(Trubin Sillcocks Edelman & Knapp,* attorneys), for appellant.

*Bernard R. Selkowe* for respondent.

SILVERMAN, J. In this action for divorce, plaintiff wife appeals from so much of the judgment granting her a divorce as directs that a certain portion of the equity in the marital residences shall be applied to defendant husband's child support obligations and that the husband not be required to make any further payments to plaintiff wife for the support of their child until the child reaches the age of 21, and from so much of said judgment as determines that plaintiff and defendant are joint owners of the stock of a certain corporation largely owned by the wife's family. Defendant husband filed a cross notice of appeal essentially from so much of the judgment as determines the difference in the market value of the residences to be $25,000.

There is apparently no dispute between the parties as to the portion of the judgment that grants a divorce and gives the wife custody of their daughter who was born in March, 1964. The issues on this appeal revolve around the provisions for the support of the daughter and related provisions with respect to the equity in the residences of the parties.

Plaintiff wife currently earns slightly more than twice what the husband earns. The parties owned a residence in Brooklyn and a vacation residence in Massachusetts. The trial court directed that the wife should receive sole title to the residence in Brooklyn at a market value of $60,000, after mortgages; that the husband should receive sole title to the vacation residence in Massachusetts at a market value of $35,000, after mortgages; and the difference in value between the two residences in the sum of $25,000 should be applied by the wife to the husband's child support obligations, and that defendant husband is not required to make any further payments to plaintiff wife for the child's support until the child attains the

age of 21 years. It is this last provision to which the wife objects.

The husband suggests—though the court did not say so—that what the court did was to find that the amount needed for the support of the child was $8,350 a year (a figure that the wife had claimed at one time), for the nine years that remained from the time of the judgment until the child's majority, making a total of $75,150; that the court was requiring each party to contribute to the support of the child in the ratio of their earnings, or approximately two thirds for the wife and one third for the husband, which would result in an obligation of $25,050 to be borne by the husband, which is substantially the effect of what the court did. While there may be a certain rough justice in this approach, we do not think it appropriate in these circumstances for the reasons we shall discuss. (Incidentally, both parties are in agreement that on the court's assumptions that each party had a one-half equity in the two houses, and that the difference in equities was $25,000, the husband's share of the difference in the equities in the values of the two houses is not the whole difference, $25,000, but only one half, $12,500, so that both parties are in agreement that the court made an arithmetical error here.)

We think that, in principle, the court should not have attempted to decide in advance, in 1976, that the husband should not have to contribute further to the child's support for the ensuing nine years. And we agree with the wife that a release of the husband's equity in a house which is being used as a residence by the wife, and is probably not going to be sold, is an inappropriate and unsatisfactory way to provide for the support of a child which obviously requires current cash. Accordingly, we reverse and vacate so much of the judgment appealed from as directs that the husband is not required to make any further payments to the wife for the support of their child until the child attains the age of 21 years, and remand the matter for a hearing to determine the amount that the husband shall be required to contribute toward the support of the child. On that hearing, the court, pursuant to section 240 of the Domestic Relations Law "may make provision for the education and maintenance of such child out of the property of either or both of its parents." This court has recently stated its agreement with the determination of the Appellate Division, Second Department, in *Matter of Carter v Carter* (58 AD2d 438) with respect to the relative obligations

of both the mother and the father to contribute to the support of their child. (See *Tessler v Siegel,* 59 AD2d 846, decided simultaneously herewith.)

While the husband is apparently satisfied not to be required to make further contribution to the support of the child, the husband requests that the judgment be modified with respect to child support after determination of the values of the jointly owned real property and allocation of the difference in such values. The husband filed a notice of cross appeal from the third and fourth decretal paragraphs of the judgment, being the portions of the judgment relating to the values and ownership of the residences, and in a preargument statement he stated that the $25,000 difference in value between the properties found by the court was inadequate and that the husband should be credited, apparently against child support obligations, with a considerably larger difference in value. The wife urges that the appeal must be deemed abandoned because the husband failed to perfect the appeal within one year, as required by our rules. (Rules Appellate Division, First Department, 22 NYCRR 600.11 [a] [3].) However, in our view, at least where the cross appeal has not been dismissed, a defendant-cross-appellant may rely upon the record filed by the plaintiff-appellant, and defendant's cross appeal is deemed perfected by the filing of the record by the plaintiff-appellant and observance of the schedule for briefs on cross appeals specified in our rule 600.11 (d) (22 NYCRR 600.11 [d]).

In any event, the provision in the judgment appealed from for determination and disposition of the equities in the residences is so inextricably intertwined with the provision for child support that the vacatur of the latter provision also requires vacatur of the former and the matter must be remanded for a redetermination as to the disposition and values of the residences. In that connection, we note that the evidence as to the value of the houses was quite unsatisfactory consisting of essentially only the wife's estimates, concededly "guessing" on cross-examination to which this testimony was tangential, and even her guesses were stated within a range, which at its extremes might very substantially alter the difference in the equities. On the hearing more reliable evidence should be adduced as to the values to the extent that those values bear on the determinations as to the relative interests of the parties in the real property.

We affirm the trial court's determination that plaintiff and defendant are and were at all times, and at the time of the judgment still were, joint owners of 600 shares of Besty-Len Motor Hotel Corp. By a postjudgment motion, plaintiff wife sought to modify the judgment so as to determine that an attempted transfer by the wife of the entire 600 shares to her brother, a transfer which the trial court held to be void, was at least valid as to her one-half interest in those shares and thus effective to destroy the joint tenancy leaving the husband as owner of the remaining one half. The court denied this motion. While it is within the power of one joint tenant to destroy the joint tenancy by a transfer of her interest, it is not clear that an attempted transfer of more than her one half (her moiety) will have this effect. *(Matter of Suter,* 258 NY 104, 106.) But in any event, in the present case the trial court properly held that the attempted transfer of the entire 600 shares was void and ineffective, and there is no evidence that the wife ever transferred or came to any agreement with her brother as to the transfer of what she did have the power to transfer, her one-half interest.

The judgment of the Supreme Court, New York County (BISSELL, J.), entered May 14, 1976, should be modified, on the law and on the facts, and in the exercise of discretion, so as to vacate the third, fourth, and fifth decretal paragraphs, and to remand the matter for a hearing as to the issues covered thereby, and otherwise affirmed, without costs.

The order of the Supreme Court, New York County (BISSELL, J.), entered June 21, 1976, denying the motion to amend the seventh decretal paragraph of the judgment should be affirmed, without costs.

MURPHY, J. P., KUPFERMAN and CAPOZZOLI, JJ., concur.

Judgment, Supreme Court, New York County, entered on May 14, 1976, unanimously modified, on the law and on the facts and in the exercise of discretion, so as to vacate the third, fourth and fifth decretal paragraphs, and to remand the matter for a hearing as to the issues covered thereby, and otherwise affirmed, without costs and without disbursements. Order, Supreme Court, New York County, entered on June 21, 1976, unanimously affirmed, without costs and without disbursements.