634 P.2d 1266

**FIRST NATIONAL BANK IN ALBU-QUERQUE, Plaintiff-Appellee,**

v.

**Jesus M. ENRIQUEZ, aka Jesus Enriquez, Plaza Del Sol National Bank and Valle State Bank, Defendants-Appellees,**

v.

**Sally GUTIERREZ, Defendant-Appellant.**

**No. 13377.**

Supreme Court of New Mexico.

Sept. 29, 1981.

Mirrer, Ryan, Orleans & Vener, Louis J. Vener, Albuquerque, for defendant-appellant.

Rodey, Dickason, Sloan, Akin & Robb, Robert M. St. John, Albuquerque, for plaintiff-appellee.

## OPINION

RIORDAN, Justice.

First National Bank in Albuquerque (FNB) brought an action to set aside a quitclaim deed from Jesus Enriquez (Enriquez), to Sally Gutierrez (Gutierrez). FNB claimed that when Enriquez quitclaimed property to Gutierrez, he did so to hinder FNB's efforts to collect their judgment against Enriquez and to prevent a judg-

ment lien from attaching to the property in violation of New Mexico Fraudulent Conveyance Act, § 56–10–4 N.M.S.A.1978. Gutierrez claimed that she was the lawful owner of the property and that Enriquez' alleged interest is from a forged deed. The district court found that the deed conveying the property to Enriquez was forged. But, the court also found that by permitting Enriquez to control her property, Gutierrez allowed FNB to rely on the alleged ownership of the real estate and is therefore estopped from asserting her interest. We reverse.

The issues on appeal are:

(1) Whether a forged deed transfers an interest in property; and

(2) Whether Gutierrez is estopped from asserting ownership because she allowed Enriquez to exercise control over her property.

In 1965, Gutierrez and her husband Carlos bought a house. At the time, they were minors so Richard and Lydia Gutierrez, brother and sister-in-law of Carlos, took legal title to the property but held title as constructive trustees for Sally and Carlos Gutierrez. Sally and Carlos Gutierrez were at all times the equitable owners of the property. A divorce in 1975 awarded the property to Sally Gutierrez who remained in possession. Also in 1975, a forged deed was executed transferring ownership of the property from Richard and Lydia Gutierrez to the defendant Jesus Enriquez, Sally Gutierrez' brother.

Enriquez had previously been involved in a "check-kiting" scheme in which he had obtained money from FNB. A judgment was entered against Enriquez in favor of FNB for recovery of the money. Before FNB could attach a judgment lien to the property in which Enriquez was owner of record, Enriquez quitclaimed the property to Sally Gutierrez. The district court set aside the quitclaim deed and allowed recovery to FNB on an estoppel theory even though it found that the deed from Richard and Lydia Gutierrez to Enriquez was forged.

I. *Forged Deed.*

The trial court concluded in its findings of fact and conclusions of law that the deed from Richard and Lydia Gutierrez to Enriquez was forged and therefore conveyed no interest. Sally Gutierrez alleges in this appeal that since legal title was never in Enriquez' name, Enriquez had no interest. FNB, realizing that no interest could be conveyed by the forged deed, claims that the court's finding that the deed was forged was not supported by substantial evidence. After reviewing the record we find that there was substantial evidence to support the trial court's findings and conclusions concerning the issue of whether the deed was forged.

It is well settled in New Mexico that the appellate court will not substitute its judgment for that of the trial court in weighing the evidence. (Citation omitted.) If the trial court's findings are supported by substantial evidence, they must be affirmed. Substantial evidence means such relevant evidence as a reasonable mind might find adequate to support a conclusion. (Citation omitted.)

*First National Bank of Santa Fe v. Wood,* 86 N.M. 165, 167, 521 P.2d 127, 129 (1974), (quoting *Tome Land & Improvement Co. v. Silva,* 83 N.M. 549, 552, 494 P.2d 962, 965 (1972)).

■ It is also a well settled principle of law that a forged deed is a void deed and transfers no interest. *Williams v. Warren,* 214 Ark. 506, 216 S.W.2d 879, (1949); *Shurger v. Demmel,* 148 Cal.App.2d 307, 306 P.2d 497 (1957); *Leidel v. Ballbach,* 345 Mich. 201, 75 N.W.2d 860 (1956); *Whitney v. Whitney,* 114 Or. 102, 235 P. 293 (1925); 7 G. W. Thompson, *Commentaries on the Modern Law of Real Property,* § 3233 (repl. 1962), *See Lotspeich v. Dean,* 53 N.M. 488, 211 P.2d 979 (1949). Therefore, Enriquez' forged deed gave him no interest in the property.

II. *Estoppel.*

■ Prior to the preparation of the alleged forged deed, Sally Gutierrez had delivered to Enriquez title documents relating to the property. He was to prepare documents for transfer of the property from Richard and Lydia Gutierrez to Sally Gutierrez. Instead, Enriquez forged a deed from Richard and Lydia Gutierrez to himself. He then assessed the property in his name, and used the property as security on two different bank loans over a period of three years. During this period of time, Sally Gutierrez never investigated whether the property had been transferred to her. FNB argues that by her conduct, Sally Gutierrez acquiesced and condoned the purported ownership by her brother and is therefore estopped from raising the effect of the forged deed. If FNB is to recover, it must be on an estoppel theory.

If a deed has been forged, it is ineffective, ab initio, and there is no ground for implications, supplementary consent, waiver or estoppel, in order to give it operative force....

7 G. W. Thompson, *Commentaries on the Modern Law of Real Property,* § 3233, (repl. 1962); *Neal v. Pickett,* 280 S.W. 748, (Tex. Comm'n.App.1926); *Estate of McWhorter v. Wooten,* 593 S.W.2d 366, (Tex.Civ.App. 1980).

■ The trial court found that FNB justifiably relied on Enriquez' alleged ownership of Sally Gutierrez' land in bringing the suit to set aside the conveyance. However, Enriquez' interest in Sally Gutierrez' land was based on a forged deed, thus creating no interest in Enriquez. Enriquez never had any interest in Sally Gutierrez' land on which FNB could rely.

The decision of the district court is reversed.

IT IS SO ORDERED.

SOSA, Senior Justice and FEDERICI, J., concur.