734 P.2d 250

**In the Matter of the ESTATES OF Nicolas SALAS and Edita G. Salas, his wife, Deceased.**

**Emilio T. GARCIA, Stella Garcia, Kathleen Y. Perea, Emilio Garcia, Jr., Rudy A. Garcia, Terri Garcia, Pablo Perea, and Stanley Garcia, Appellants,**

v.

**Willie GARCIA, Personal Representative, Appellee.**

No. 8615.

Court of Appeals of New Mexico.

Jan. 29, 1987.

Avelino V. Gutierrez, Albuquerque, for appellants.

**OPINION**

DONNELLY, Chief Judge.

Appellants Emilio T. Garcia, Stella P. Garcia, his wife, five of their children, and Pablo Perea, a son-in-law of Emilio T. Garcia, appeal from an order of the district court in probate denying the claims filed by them against the estate of Edita G. Salas and from denial of appellants' motion to reconsider their claims. Two issues are presented on appeal: (1) whether appellee, Willie Garcia, is estopped from asserting title to decedents' property; and (2) whether the trial court erred in failing to award appellants the sum of $12,313.88 for improvements to realty deeded to appellee and in disallowing reimbursement for funeral expenses of decedent Edita G. Salas, paid by Emilio T. Garcia. We reverse and remand.

On November 2, 1983, appellant Emilio T. Garcia filed an application for appointment as personal representative and to probate the estates of Nicolas Salas, who died September 9, 1968, and Edita G. Salas, who died on March 14, 1983, in Albuquerque, New Mexico. Nicolas and Edita G. Salas were husband and wife; appellant, Emilio T. Garcia, was a brother of Edita G. Salas. Nicolas Salas died intestate. Edita G. Salas executed two last wills and testaments. The first, dated August 10, 1982, specified that after payment of the costs and expenses of her estate, the remainder of her estate would pass to the appellant Emilio T. Garcia. Neither Nicolas Salas nor Edita G. Salas left any surviving children.

An order appointing Emilio T. Garcia as the personal representative of decedents' estates was entered on November 3, 1983, authorizing the administration of decedents' estates. Thereafter, on November 16, 1983, appellee, a nephew of the decedent Edita G. Salas, filed an application for informal probate of will seeking appointment as personal representative of the estate of Edita G. Salas. Appellee also filed with his petition a copy of a different will alleged to have been executed by Edita G. Salas, dated September 20, 1982. Under the terms of the latter will, Edita G. Salas designated appellee as the personal representative of her estate and further specified that "I give, devise and bequeath to my nephew, WILLIE GARCIA, all of my property * * * absolutely." In addition, copies of two warranty deeds signed by Edita G. Salas and dated September 20, 1982, were attached to the application for appointment. Each deed conveyed separate parcels of land in Bernalillo County, Atrisco Precinct No. 28, to the appellee as grantee. Recording data on the deeds indi-

cates that the deeds were recorded on February 9, 1983, prior to the death of Edita G. Salas.

Following a hearing, the trial court entered an order dated November 31, 1984, finding "That the last will and testament of EDITA G. SALAS dated September 20, 1982, is the last will and testament of EDITA G. SALAS, deceased[,]" and appointed appellee as the personal representative of the estate of decedent Edita G. Salas.

Thereafter, appellants herein filed individual claims against the estate of Edita G. Salas totalling $21,761.53. The claims of appellants alleged that they performed labor on decedents' real estate; appellant Emilio T. Garcia also claimed that he paid certain medical and funeral expenses of Edita G. Salas, and paid for labor and materials to repair and improve decedents' real estate.

Following a hearing, the trial court entered an order dated April 16, 1985, providing, among other things, that the two conveyances executed by Edita G. Salas on September 20, 1982, were valid and conveyed her interest in the realty to appellee; that the remaining estate of Edita G. Salas consisted of three (3) shares of stock in the Westland Development Corporation and certain items of personal property; and that Emilio T. Garcia is entitled to judgment personally and not as personal representative against appellee, in the sum of $2,000, representing improvements made to the real estate conveyed to appellee.

Appellants filed a motion to reconsider the court's order and on May 13, 1985, the trial court, without disturbing the prior award of $2,000, denied the motion.

## I. CLAIM OF ESTOPPEL

Appellants assert that the trial court erred in failing to find that appellee was precluded under the doctrine of equitable estoppel from asserting title to the realty deeded by Edita G. Salas to him prior to her death, by reason of his standing by and allowing the appellants to make improvements and expenditures on the property without protesting and asserting his own title.

Appellants contend that Emilio T. Garcia took possession of the real estate shortly after the death of Edita G. Salas, believing that he had a clear right thereto as sole beneficiary under a prior will of the decedent. Emilio T. Garcia testified that he moved into a house located on decedents' property and that he and the other claimants, consisting of his wife and family, performed labor and incurred expenses in repairing and improving the realty.

Appellants argue that the trial court erred in failing to find that appellee was estopped from obtaining title to decedents' real estate because he allegedly knew of the prior will dated August 10, 1982, leaving the estate of Edita G. Salas to Emilio T. Garcia, and did not inform them of the subsequent will until it was filed for probate. Appellants also allege that appellee remained silent while Emilio T. Garcia paid for the funeral of Edita G. Salas, and paid taxes on the realty.

The procedure for probating wills and testaments in New Mexico is strictly statutory and is an action in rem. *In re Towndrow's Will*, 47 N.M. 173, 138 P.2d 1001 (1943). The district court sitting in probate and the probate courts are not invested with general civil jurisdiction. *In re Porter's Estate*, 47 N.M. 122, 138 P.2d 260 (1943); *see also In re Conley's Will*, 58 N.M. 771, 276 P.2d 906 (1954); N.M. Const. art. VI, § 23; NMSA 1978, § 45-1-302 (Cum.Supp.1986). The courts do, however, have the power to apply the principles of equity in aid of its functions as probate courts unless specifically displaced by particular provisions of the Code. NMSA 1978, § 45-1-103; *see also In re Estate of Bissinger*, 60 Cal.2d 756, 36 Cal.Rptr. 450, 388 P.2d 682 (1964) (en banc).

Appellee has not assisted the court herein by filing an answer brief to the brief-in-chief of appellants. Examination of the record, however, indicates that the trial court's refusal to apply the doctrine of equitable estoppel against the appellee as personal representative was not an abuse of discretion or contrary to law. Appellants have not challenged the validity of

the last will and testament of Edita G. Salas, dated September 20, 1982, or the two conveyances given by her to appellee.

Appellee testified that he was aware that his uncle Emilio T. Garcia had moved into the house on the property and cleaned up the premises, but did not know that they were spending money on the property. He also testified that he had not been more aggressive in moving his uncle from the property because he was "family, and I have a lot of respect for these people, and I don't want any feuds." He further testified that he finally took action and had his lawyer notify appellant Emilio T. Garcia of the later will and deeds when he received copies of the petition filed by his uncle seeking informal administration of his aunt's estate.

■ "Estoppel" is the preclusion by reason of the acts or conduct of a party, from asserting a right which might otherwise have existed, to the detriment or prejudice of another, who has acted thereon in reliance on such acts and conduct. *Reinhart v. Rauscher Pierce Securities Corp.*, 83 N.M. 194, 490 P.2d 240 (Ct.App.1971). An essential element of estoppel, as related to appellants' contentions, is a lack of knowledge and of means of knowledge of the truth as to the facts in question. *Capo v. Century Life Insurance Co.*, 94 N.M. 373, 610 P.2d 1202 (1980); *see also Bowlin's, Inc. v. Ramsey Oil Co.*, 99 N.M. 660, 662 P.2d 661 (Ct.App.), *cert. denied*, 99 N.M. 644, 662 P.2d 645 (1983).

■ Determination of whether a claim of equitable estoppel has been proven is a question of fact for the trier of fact. *Cf. Albuquerque National Bank v. Albuquerque Ranch Estates, Inc.*, 99 N.M. 95, 654 P.2d 548 (1982) (where court held that issue of whether affirmative defense of waiver is proven is question of fact for trial judge); *Reinhart v. Rauscher Pierce Securities Corp.* A party alleging and relying on a claim of estoppel has the burden of establishing all facts necessary to prove the claim. *Patten v. Santa Fe National Life Insurance Co.*, 47 N.M. 202, 138 P.2d 1019 (1943).

■ The two deeds given by Edita G. Salas to appellee were both filed and recorded in Bernalillo County on February 9, 1983, hence appellants had constructive notice that title to the real estate upon which they allegedly performed labor had been previously conveyed to appellee. *See* NMSA 1978, § 14-9-2; *Romero v. Sanchez*, 83 N.M. 358, 492 P.2d 140 (1971). Moreover, the true owner of real property is not estopped from asserting ownership solely because another, lacking any claim to the property, is allowed to exercise control over the true owner's property. *First National Bank in Albuquerque v. Enriquez*, 96 N.M. 714, 634 P.2d 1266 (1981).

Under these facts, we find no error in the ruling of the district court refusing to apply the doctrine of equitable estoppel as sought by appellants.

## II. CLAIMS AGAINST THE ESTATES

As previously noted, the trial court allowed appellants $2,000 of their claim for improvements to the real estate and denied the claim for reimbursement for certain medical and funeral expenses. Appellants claim error in these rulings.

### (a) Claims for Improvements to Real Estate

Appellants assert that the trial court erred in denying their claims against decedents' estate in the amounts testified to by them, and instead limiting their claims to the sum of $2,000. Appellants also contend it was error for the court to disregard the uncontradicted testimony of claimants regarding the basis and amount of their claims.

In considering this contention, we are confronted with the threshold jurisdictional issue involving the trial court's award of damages against appellee, individually. Under the Probate Code, NMSA 1978, Section 45-3-808(B), a personal representative may be held individually liable under the following circumstances:

A personal representative is individually liable for obligations arising from ownership or control of the estate or for

torts committed in the course of administration of the estate only if he is personally at fault.

The claims of appellants were asserted only against decedents' estate and not against appellee individually. The real estate, upon which the improvements claimed by appellants were made, was not part of decedents' estate because it was conveyed by Edita G. Salas to appellee prior to her death. Nonetheless, the judgment appealed herein, rendered by the district court sitting in probate, purports to impose personal liability against appellee, individually, and not against decedents' estate or appellee in his capacity as personal representative.

■ A trial court may not grant relief which is neither requested by the pleadings nor within the theory of the case. *Holmes v. Faycus*, 85 N.M. 740, 516 P.2d 1123 (Ct.App.1973). The district court lacked jurisdiction to enter an order awarding damages against appellee, individually, where no claim was originally pleaded or asserted against him individually and where the assets, consisting of realty, against which the majority of the claims were asserted were not part of decedents' estate. *See id.* In order to assert a claim against appellee individually, and which arose out of improvements to realty which were not a part of decedents' estate, claimants would be required to initiate an action outside the probate proceedings. *Cf. Albuquerque National Bank v. Albuquerque Ranch Estates, Inc.; Bowlin's Inc. v. Ramsey Oil Co.*

### (b) Claims for Funeral and Related Expenses

■ As shown by the record, the assets of the estate are insufficient to satisfy the claims of appellants against decedents' estate. Where the assets of an estate are limited and the claims against the estate exceed the remaining assets, the claims are required to be paid as determined by their nature and priority. NMSA 1978, § 45–3–805. The claim for funeral and medical expenses of decedent Edita G. Salas is a valid claim against the estate and is accorded priority in accordance with the provisions of Section 45–3–805. *See* Annot., 35 A.L.R.2d 1399 (1954).

The judgment appealed from is reversed and the cause remanded with instructions to enter an amended judgment setting aside the judgment against the personal representative individually, and adjudging the amount of appellants' claims for funeral expenses against the assets, if any, remaining in decedents' estates.

IT IS SO ORDERED.

BIVINS and ALARID, JJ., concur.