KOZINSKI, Circuit Judge, dissenting: Arizona property law either cured the defendants’ alleged statutory violations or prevented them from clouding plaintiffs title. Kester suffered no concrete injury and thus lacks standing. A deed of trust involves three parties: “The first party is the lender, who is the trust beneficiary[;] [t]he second party is the borrower-trustor[;] ... [t]he third party is the trustee, an agent for both the lender and the borrower who ... is authorized to sell the property if the debtor defaults.” Ho v. ReconTrust Co., NA, 858 F.3d 568, 570 (9th Cir. 2016). Defendants used (1) an Assignment of Deed of Trust and (2) a Substitution of Trustee to become beneficiary and trustee. After Kester defaulted on his payments, defendants recorded (3) a Notice of Trustee’s Sale to start foreclosure proceedings. Kester claims that defendants violated statutory acknowledgment requirements, which prevented these three documents from being lawfully recorded. See Ariz. Rev. Stat. § 33-411(B). But Arizona law retroactively cured any defect. Section 33-411(C) of the Arizona Revised Statutes provides that “an instrument affecting real property containing any defect, omission or informality in the certificate of acknowledgment and which has been recorded for longer than one year ... shall be deemed to have been lawfidly recorded on and after the date of its recording.” Under this provision, the allegedly defective documents were “deemed to have been lawfully recorded” after one year. Id. And the statute goes a step further: It renders the documents lawful dating back to their recording, Id. In other words, section 33-411(C) sanitizes the recording of the Assignment of Deed of Trust, Substitution of Trustee and Notice of Trustee’s Sale. Because Kester brought suit long after one year, any invalidity of the recording couldn’t have clouded his title. Kester claims that failure to properly acknowledge the documents also ran afoul of “conveyance of real property” requirements. Ariz. Rev. Stat. § 33-401(B). Yet each document remained valid despite any acknowledgment glitch. Arizona’s Deed of Trust Act saves the Substitution of Trustee and Notice of Trustee’s Sale. A Substitution of Trustee “shall be sufficient if acknowledged by all beneficiaries under the trust deed.” Ariz. Rev. Stat. § 33-804(D). CitiMortgage, the only beneficiary, acknowledged the Substitution of Trustee. Likewise, a Notice of Trustee’s Sale need comply only substantially with a model statutory form to be valid. See Ariz. Rev. Stat. § 33-808(D), (E). The majority concedes that defendants satisfied that requirement. That leaves the Assignment of Deed of Trust. Here, again, Arizona property law rescues the document from invalidity: “When an instrument in writing, intended as a conveyance of real property or some interest therein, fails wholly ... to take effect ... by virtue of the provisions of this chapter, it is valid nevertheless and effectual as a contract.” Ariz. Rev. Stat. § 33-437. The Arizona Supreme Court has held that an improperly acknowledged mortgage becomes “a contract which may be specifically enforced as between the parties.” Heller v. Levine, 7 Ariz.App. 231, 437 P.2d 983, 986 (1968). I see no basis for treating a deed of trust differently from a mortgage. CitiMortgage became the beneficiary of Kester’s deed of trust notwithstanding any acknowledgment flaws in the assignment. The majority’s reliance on In re Mortg. Elec. Registration Sys., Inc., 754 F.3d 772 (9th Cir. 2014) (“In re MERS”), is risible. In that case, plaintiffs alleged that “notices of trustee sale, notices of substitution of trustee, and assignments of deed of trust ,.. were ... ‘robosigned’ with forged signatures.” Id. at 782. Forged documents are void; the- plaintiffs there were certainly injured. See Ariz. Cent. Credit Union v. Holden, 6 Ariz.App. 310, 432 P.2d 276, 279 (1967); see also First Nat. Bank in Albuquerque v. Enriquez, 96 N.M. 714, 634 P.2d 1266, 1268 (1981) (“It is also a well settled principle of law that a forged deed is a void deed and transfers no interest.”). The counterfeit documents in In re MERS are materially different from the genuine documents here that, at worst, have minor defects. Arizona law cures the latter but not the former. The Supreme Court made it clear in Hollingsworth v. Perry, 570 U.S. 693, 133 S.Ct. 2652, 2667, 186 L.Ed.2d 768 (2013), that state law cannot diminish Article III standing requirements. To bring suit in federal court, a plaintiff who alleges a statutory violation under state law must also have suffered a concrete injury. Spokeo, Inc. v. Robins, — U.S. -, 136 S.Ct. 1540, 1549, 194 L.Ed.2d 635 (2016). Even if Kester suffered statutory violations and stated a claim under Ariz. Rev. Stat. § 33-420(A), he can’t show that those violations clouded his title or otherwise caused him a concrete injury. We must dismiss.