WASATCH MINING COMPANY, RESPONDENT, v.
CRESCENT MINING COMPANY, APPELLANT.

CONTRACT.—CONDITION.—PAYMENT INTO COURT.—INTEREST.—Where
a contract of mortgage provided that certain money should
be paid by the mortgagor into court, in a certain action, at the
end of one year from its date, if no direction for payment
should be made by the parties thereto, and if said action was
then pending and undetermined, and "that said payment into
court should be made of said principal into said court, in said
action recognized by order thereof to be disposed of as fol-
lows:" to be paid to the plaintiff in said suit if the action
was finally determined in its favor, but if finally determined
adversely to the plaintiff, then to be repaid to the party making
such payment; and further provided that if default was made
in the payment of the principal or any part, then foreclosure
to be made; *held* that the mortgagor was bound to pay the
principal sum into court at the end of one year if no such
direction was given and the suit undetermined at that time,
and that no order permitting the payment was necessary to
be obtained by either party to the suit, and that interest
became payable from such date.

MORTGAGE.—FAILURE OF CONSIDERATION. — MISTAKE.— Where a
mortgage was given to secure the purchase price of certain
real property, and through mutual mistake, resulting from a
fraud of the mortgagee's agents, a valuable part of the prop-
erty was not conveyed, but the mortgagor had brought suit to
reform the deed, and said deed had been reformed by decree,
but that decree appealed from; *held*, that the deed having
been reformed and the decree being *res adjudicata*, there was
no failure of consideration.

APPEAL from a decree of the district court of the
third district and from an order refusing a new trial.
The facts were as follows:

Certain mining ground known as the Walker and

Walker Extension and Buckey Mining claims was in litigation between the Wasatch Mining Company and William Jennings, both of the parties claiming title to the ground. While this suit was in progress the Crescent Mining Company, being desirous of purchasing the ground, entered into negotiations with the parties to the suit of the *Wasatch Mining Company* v. *William Jennings.* The Crescent Company made a contract with Jennings March 8th, 1883, to purchase the ground, and thereupon entered into possession of the ground. Later on, July 9th, 1886, the Crescent Mining Company entered into a contract with the Wasatch Company which agreed to join with Jennings in conveying the land. Afterwards the Wasatch Company made a deed of what was thought to be the whole of the ground bargained for. But owing to a fraudulent conspiracy between the manager of the Crescent Company and certain agents of the Wasatch Company, the only valuable part of the mining ground was left out of the deed. But to secure the purchase price of the mining ground the Crescent Company, at the time the Wasatch Company made the deed, executed a mortgage to the Wasatch Company. Afterwards the Crescent Company discovered the fraud that had been practiced upon it and brought suit to reform the deed given by the Wasatch Company, alleging a conspiracy to defraud between the manager of the Crescent Company and certain agents of the Wasatch Company, and as the result of that fraudulent confederation, the mutual mistake made by both companies in regard to the deed. The Crescent Company won their case in the lower court; it was then appealed to the Supreme Court of the Territory and there affirmed, and an appeal was thereupon taken to the Supreme Court of the United States, where the case was still pending. After the decision of the lower court in the case of *The*

*Crescent Company* v. *The Wasatch Company,* the Wasatch Company brought suit to foreclose the mortgage named above.

The mortgage recited as follows: "This conveyance is intended as a mortgage to secure payment of $42,500 in one year from date hereof, which sum said first party agrees to pay at the time aforesaid and said payment shall be made as follows: Absolutely to said party of the second part (the Wasatch Company) if at said time said suit shall have been finally determined in favor of said second party and its title to said Walker and Walker Extension and Buckey mining claims maintained and established, and the same is free from incumbrances made or suffered by the said party of the second part; or if said action *(Wasatch Mining Company* v. *Jennings)* is still pending at the end of a year from date, and all the parties thereto direct how such payment shall be made, it shall be made accordingly; but if the action is then pending and undetermined, and no direction given by all the parties thereto, then and in that case *payment shall be made of said principal into said court in said action recognized by order thereof to be disposed of as follows:"* To be paid to said second party if the suit should be finally determined in its favor, but if finally determined adversely to it to be repaid to said first party (the Crescent Mining Company) and it was further provided that "in case default shall be made in the payment of said principal, or any part thereof, then the said party of the second part, its successors or assigns, are hereby authorized and empowered to sell the said premises or any part thereof in the manner prescribed by law, and out of the money arising from said sale to retain and pay the *said principal together with all costs and charges of making such sale, and a reasonable attorney's fee for foreclosure or collection."*

The present suit was brought to foreclose this mort-
gage. Plaintiff alleged in its complaint that the suit of
the *Wasatch Company* v. *Jennings* was still pending and
undetermined, that no direction as to payment had been
given by the parties to that suit, and that the Crescent
Mining Company had not paid the amount into court,
and asked for judgment for $42,500 with interest from
one year after the date of said mortgage, for $5,000
attorney's fees, and costs and a decree of foreclosure and
sale.

The defendant demurred to this complaint on the
ground that the plaintiff did not allege that it had
obtained an order for the payment of this money into
court, or that such order had been made and defendant
had then refused, or that any demand had ever been
made upon defendant for payment, and that it appeared
on the face of the complaint that defendant, not being
a party to the suit of the *Wasatch Company* v. *Jennings,*
could not appear in that case and ask for an order
permitting the payment into court.

This demurrer having been overruled, plaintiff answered
and alleged, after traversing certain allegations of the
complaint, that this mortgage was given to secure the
purchase price of certain mining ground; that, owing to
a fraudulent conspiracy between the manager and certain
agents of the plaintiff, the only valuable part of the
lands purchased had by mutual mistake of the two com-
panies been omitted from the deed, and the considera-
tion for the mortgage had failed owing to the said fraud-
ulent confederation and resulting mistake, and they
alleged the facts showing that the Crescent Company
could not obtain an order to pay the money into court,
and that the Wasatch Company had never obtained such
an order, and had never made any demand.

The cause was tried before the court, and the court gave judgment for $42,500 principal, $7,900 interest, $1,000 attorney's fees and cost of suit, and decreed a foreclosure and sale. Defendant made its motion for new trial, which was denied, and from the judgment and order denying a new trial appealed to this court.

*Messrs. Baskin and Van Horne* and *Mr. John M. Zane* for the appellant.

The demurrer should have been sustained because the Crescent Mining Company, not being a party to the suit, could not obtain an order for the payment of money into court, 2 Laws of Utah, 1888, 276, section 3336. This order can be obtained by a party to the suit, but no other. 2 Daniels' Ch. Prac. 1786. Anon. 1 Vesey Jr. 56; 1 Wait's Prac. 584; 2 Id. 268, 596; *Johnson* v. *Chippendall*, 2 Simons 55; 5 Maddox 75. The Crescent Mining Company is entitled to a deed from the Wasatch Mining Company, and is not compelled to take a decree which may be reversed on appeal. Until it gets a deed there has been a failure of consideration resulting from a mistake of both parties. Interest should not have been allowed. It does not provide for it in the mortgage. Interest is given only because some one has been held out of money, but no one has been injured, because no debt was due to anyone. *Selleck* v. *French*, 1 Conn. 32, 6 Am. Dec. 185 and note. *Mason* v. *Callender*, 2 Minn. 350.

*Mr. W. H. Dickson* and *Messrs. Sutherland and Judd* for the respondent.

BLACKBURN, J. This suit is brought to foreclose a mortgage made by appellant to respondent. Respondent

and Jennings were in litigation about certain mining claims, in reference to the ownership thereof, and appellant wished to buy the property in controversy of the respondent; and a bargain was made with it for the sale of the property for a large sum of money, and appellant gave a mortgage to secure the payment of the money and went into possession.   It was stipulated in the. mortgage deed that the money was to be paid within one year from the date thereof, but, if the litigation for the owner-ship of the property was not ended within that time the mortgagor was to pay the money into court on a recognized order thereof, where the litigation was pending, to be paid at the end of said litigation to the respondent, if it should be successful, but if not it was to be returned to appellant.   At the end of the year the litigation was still undetermined, and no order was made by the court for the payment of the money into court, nor any steps taken by either the respondent or appellant to have such order made; nor did the appellant offer to pay the money, or notify the respondent that it was ready and willing to pay said money into court if such order was made.   After the expiration of the year the respondent brought this suit to foreclose the mortgage.   The appellant answered the complaint, and set up as a defense that it was not in default, because the respondent had not procured the order to be made to pay into court the money, and further, that the respondent had fraudulently left out of the deed made to appellant, of the property sold, a part, and the most valuable part, of the same, so that the appellant did not get in the deed the property bargained for, and therefore it ought not to pay the mortgage until the full property was conveyed.   Also, the record shows, that appellant commenced a suit against respondent to compel it to reform said deed, and convey to the appellant the territory left out of it.

The court below decreed in favor of appellant, and that the title to the property left out of the deed be absolutely vested in appellant. The respondent appealed to this court, and the decree was affirmed. 5 Utah 624, 19 Pac. Rep. 198. Thereupon the respondent appealed to the supreme court of the United States, which appeal is still pending, but gave no *supersedeas* bond. In the case now before the court, the district court decreed the foreclosure of the mortgage for the amount thereof, and the interest accruing thereon since the same became due, and an attorney's fee of $1,000, and that the mortgaged property be sold as in such decree provided, and that out of the proceeds thereon the mortgage debt, with the interest, be paid into court in the case still pending between the respondent and Jennings, and the attorney's fee and cost be paid to the respondents; and from this decree this appeal is taken.

The appellant contends this decree is wrong, and ought to be reversed, because (1) it was not in default in not paying the money into court as the mortgage stipulated; for it was not a party to the suit, and could not volunteer, and procure an order to be made. But it could have gone, as was its duty, to the respondent, and offered to pay the money into court, and the respondent could, and no doubt would, have procured the order; and, if it did not, then the failure of appellant to pay the money into court would not have put it in default. We do not think the decree should be reversed on this account.

(2) The appellant contends that the respondent, either by mistake or fraud, failed to convey in the deed made for the mining claims purchased, for the purchase money for which the mortgage was given, the most valuable part of the ground bargained for, and therefore the consideration for the mortgage has failed in part, and that the respondent is not entitled to have its mortgage foreclosed until

the title to that ground is conveyed to the appellant, and that this is fully proved by the decree in the case of the appellant against the respondent. This decree is the only evidence in the record of the fraud or mistake claimed in the deed, and is competent evidence only on the theory that it is *res adjudicata* between the parties. The decree vests this ground in the appellant as against the respondent; and, if it is *res adjudicata* as against the respondent, although appealed from, it is also against the appellant, and it has gotten all it contends for, and cannot complain. Again, if this decree is confirmed, it has the property; and, if the appellant finally fails, in that case it is an adjudication that it got in the deed all it bargained for, and it must pay off the mortgage. It also went into the possession of the ground left out of the deed, and has profitably worked it ever since. So we cannot see that it has ground of complaint on this account.

(3) Another contention of the appellant is that the decree allowed interest on the mortgage, because—*First,* the mortgage does not provide for interest, and the money, if it had been deposited in court as provided for in the mortgage, would not have drawn interest, and the contingency had not yet happened that entitled the respondent to have the money; and, *second,* the appellant was not in default in not depositing the money, because the respondent did not procure the order required for the deposit of the money. This third reason we have already, in this opinion, considered. At common law, no interest was allowed on debts overdue, unless there was an express or implied contract to pay interest. *Madison Co.* v. *Bartlett,* 1 Scam. 70. It was the duty of the appellant to pay the money into court according to the provisions of the mortgage, and it was not its concern whether the money would draw interest or not; and, again, it had

the use of the money wrongfully and ought not to object to paying interest on it. This mortgage does not pro-- vide for the payment of interest, but it fixes the time' when the money is to be paid. This rule of the common. law does not obtain in America, and interest is allowed. on debts overdue even if there is no statute providing for interest. *Woods* v. *Robbins,* 11 Mass. 504. And the question has been settled in this territory in favor of the allowance of interest on debts overdue. *Godbe* v. *Young,* 1 Utah, 55; 15 Wall. 562.

We think, therefore, interest was properly allowed on the indebtedness from the time it was the duty of the appellant to deposit the money in court. But we think the decree, under the circumstances of this case, should have allowed the appellant a reasonable time in which to pay the money, say 30 days, before the property was ordered to be advertised for sale. Also, the decree ought to have provided that the money be paid into court in this case, instead of the case of the respondent against Jennings, until an order should be obtained in that case for the deposit of the money. The decree of the court below should be modified in accordance with these views,. and the respondent should pay the costs of this court.

HENDERSON, J., concurred.

ZANE, C. J., took no part in this case, having been of counsel.