John C. Kinkel, for executor.
W. E. Hoysradt, for Caroline M. Goepfert, a legatee.
John F. Ward, for Katharina Schlegel, life tenant.

KETCHAM, S. The account should be settled as made. It is correct in charging upon the income the disbursements for taxes, insurance, and such repairs as are not shown to be in the nature of permanent improvements. Matter of Albertson, 113 N. Y. 434, 21 N. E. 117; Stevens v. Melcher, 152 N. Y. 551, 46 N. E. 965, and cases cited; Matter of Very, 24 Misc. Rep. 139, 53 N. Y. Supp. 389. The case of Kirchner v. Kirchner, 71 Misc. Rep. 61, 127 N. Y. Supp. 399, while it correctly reproduces the effect of these authorities with respect to permanent improvements, is arrayed against the authorities in its declaration that the expenditures for insurance are to be apportioned between principal and income.

Decreed accordingly.

---

(75 Misc. Rep. 586.)

### In re SPRING.

(Surrogate's Court, Kings County. February, 1912.)

TAXATION (§ 879*)—TRANSFER TAX—PROPERTY SUBJECT.

    Where mortgages were assigned to a mother and her daughter, with a provision in some instances that the survivor should become the absolute owner of them, and that neither should have the right to affect the interests of the other, and in some instances that the securities should be held by the assignees and the survivor of them, the interest which the daughter took on the death of her mother in one-half of the securities was subject to the transfer tax.

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. § 879.*]

Appeal from Order Imposing Transfer Tax.

In the matter of the appraisal of a transfer tax on the estate of Adeline B. Spring. From an order imposing the tax, the executrix appeals. Affirmed.

Lyon & Smith (Edward P. Lyon, of counsel), for executrix.
Harry Howard Dale, for State Comptroller.

KETCHAM, S. The executrix appeals from the order imposing a transfer tax upon the transfer of a half interest in ten mortgages, which will be described.

These mortgages were assigned to the decedent and her daughter, by instruments which contained provisions, in some instances, that the survivor of the two assignees should become the absolute owner of the bond and mortgage, and that neither should have the power to affect the rights of the last survivor, and, in other instances, that the securities assigned would be held by the parties of the second part and the survivor of them. The executrix claims that the transfer to these two persons jointly, with right of survivorship, vested the title

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the survivor, and that, on the death of one, the title of the survivor related back to the date of the original transfer.

It is of no importance to consider whether or not these transfers bestowed title or ownership at the time when the mortgages were assigned. If the claim of the executrix in this respect were conceded, the transfers would nevertheless be taxable under the expressions of the statute. It is apparent that the decedent, under the several assignments, received a right, at least equal to that of her associate assignee, to collect interest upon the mortgages. While it does not affirmatively appear, the presumption must be that each of the assignees reserved the right to interest on one-half of the investment. Hence, as to the one-half of the securities involved in this discussion, the decedent held an interest which can be likened to an intermediate estate for her own life; and the daughter (the other assignee) took a remainder which, under the language of the Tax Law (Consol. Laws 1909, c. 60, § 220), was a transfer "intended to take effect in possession or enjoyment" upon the death of the decedent. Matter of Green, 153 N. Y. 223, 47 N. E. 292; Matter of Brandreth, 169 N. Y. 437, 62 N. E. 563, 58 L. R. A. 148; Matter of Cornell, 170 N. Y. 423, 63 N. E. 445; Matter of Keeney, 194 N. Y. 281, 87 N. E. 428.

Order appealed from affirmed.