In re Estate of William Horner.

Letta Horner, Administratrix (and individually), Appellant, v. Iowa State Tax Commission, Appellee.

No. 46378.

December 14, 1943.

Rehearing Denied March 10, 1944.

Howard L. Bump, of Des Moines, for appellant.

John M. Rankin, Attorney General, and Jens Grothe, Special Assistant Attorney General, for appellee.

Oliver, J.—In 1938 Oliver Horner deeded certain real estate to his children Letta Horner (appellant herein) and William Horner, as joint tenants, and not as tenants in common, with full right of survivorship. Oliver Horner died in 1939. Thereafter an inheritance tax was paid to the state, based upon said transfer as made in contemplation of death.

William Horner died in 1942, and his interest in said real estate accrued to appellant as the surviving joint tenant. Was this accrual subject to inheritance tax? The court held there was liability for such tax and accordingly denied appellant's petition for relief therefrom. Hence this appeal.

There is no decision of this court upon the precise question here presented but other courts have passed upon analogous propositions. The United States Revenue Act of 1924, 43 Stat. at L., chapter 234, section 302 (e), provided for the inclusion in the estate of "the extent of the interest therein held as joint tenants by the decedent and any other person * * * except such part," etc. This language was carried forward into subsequent acts.

Gwinn v. Commissioner of Internal Revenue, 9 Cir., Cal., 54 F. 2d 728, 729, 84 A. L. R. 176, annotation 180, affirmed 287 U. S. 224, 53 S. Ct. 157, 77 L. Ed. 270, holds that, since upon the death of a joint tenant the survivor acquires a right or interest in addition to that theretofore possessed, such right accrues by reason of the event of the death of the cotenant and not by reason of the transfer creating the joint tenancy, and the value of decedent's interest may, accordingly, be subjected to an estate tax imposed by a statute enacted after the creation of the joint tenancy. The decision quotes from Tyler v. United States, 281 U. S. 497, 50 S. Ct. 356, 358, 359, 74 L. Ed. 991, 69 A. L. R. 758:

" 'The question here, then, is, not whether there has been, in the strict sense of that word, a "transfer" of the property by the death of the decedent, or a receipt of it by right of succession, but whether the death has brought into being or ripened for the survivor, property rights of such character as to make appropriate the imposition of a tax upon that result (which Congress may call a transfer tax, a death duty or anything else it sees fit), to be measured, in whole or in part, by the value of such rights.' "

United States v. Jacobs, 306 U. S. 363, 371, 59 S. Ct. 551, 555, 83 L. Ed. 763, 769, states:

"There was—at his death—a distinct shifting of economic interest, a decided change for the survivor's benefit. This ter-

mination of a joint tenancy marked by a change in the nature of ownership of property was designated by Congress as an appropriate occasion for the imposition of a tax. Neither the amount of the tax nor its application to the survivor's change of status and ownership, was in any manner dependent upon the date of the joint tenancy's creation, whether before, or after, 1916.''

See, also, Matter of McKelway, 221 N. Y. 15, 116 N. E. 348, L. R. A. 1917E, 1143; In re Matter of Spring, 75 Misc. 586, 136 N. Y. Supp. 174.

Section 7307, Code of Iowa, 1939, provides:

''Property included. The tax hereby imposed shall be collected upon the net market value * * * of any property passing:

''5. Property which is held jointly * * * by the decedent and any other person or persons * * * except such part as may be proven to have belonged to the survivor * * *.''

While the Iowa statute is entitled ''Inheritance Tax,'' and has been frequently said to be a succession tax, these descriptive terms are generic in nature, and, of course, embrace any passing or accrual of property or rights made taxable by said statute. The tax may be denominated a transfer tax or an excise tax upon the privilege of receiving such rights or property accruing by reason of the event of death, as may be comprehended by the statute. The language of Code section 7307 (5) clearly includes the property or rights passing to a survivor upon the death of a joint tenant.

Counsel for appellant does not disagree with this conclusion. Nor is the validity of such tax assailed. The argument states:

''If the succession as shown in this record, had not paid the tax heretofore, we concede that it would be taxable now.''

This contention assumes that there was only one taxable succession. However, there were two successions, each of which resulted in tax liability under the statute. The first was the transfer to appellant and William Horner, which created the joint tenancy. It was not the creation of the joint tenancy which made that transaction taxable. It was taxed under Code section

7307 (2), because it was a transfer and gift made by Oliver Horner in contemplation of the death of Oliver Horner. That tax was paid.

Upon the death of William Horner there was a subsequent accrual to appellant of rights in the property not previously possessed by her. As recognized by the cited authorities, and in the language of the Gwinn case, supra [54 F. 2d 728, 730], the interest thus received by appellant "accrued by reason of the event of the death of the cotenant, and not by reason of the transfer theretofore made which created the joint tenancy." This accrual to appellant as the surviving joint tenant upon the event of the death of William Horner is taxable because the Iowa statute so provides.

The deduction provisions of Code section 7317 (3) have not been urged nor considered because the death of Oliver Horner occurred more than two years prior to the death of William Horner.—Affirmed.

MULRONEY, C. J., and HALE, SMITH, GARFIELD, BLISS, MILLER, and WENNERSTRUM, JJ., concur.