In the Matter of the ESTATE OF Evelyn LAMOUREUX, Deceased.

Leo E. LAMOUREUX, as Personal Representative, Surviving Spouse and Individually, Appellant,

v.

IOWA DEPARTMENT OF REVENUE, Appellee.

No. 86–1333.

Supreme Court of Iowa.

Sept. 23, 1987.

Gary W. Armstrong of Mack, Hansen, Gadd & Armstrong, P.C., Storm Lake, for appellant.

Thomas J. Miller, Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., and Marcia Mason, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ, and LAVORATO, JJ.

SCHULTZ, Justice.

This appeal concerns Iowa's disclaimer of succession to property statute, Iowa Code section 633.704.[1] The issues involve interpretation of this section to determine (1) when the nine month period for disclaiming a joint tenant's survivorship interest commences, *see* section 633.704(2)(a), and (2) what constitutes an acceptance of that interest such that any disclaimer is barred, *see* section 633.704(4). On judicial review the district court held that although appellant disclaimed his survivorship interest within nine months of his wife's death, the disclaimer was ineffective because it was not filed within nine months of the date the joint tenancy was created. The court decided that appellant is also precluded from disclaiming because he accepted the benefits of the interest he seeks to disclaim. Because we disagree with these conclusions, we reverse and remand.

The facts of the present case are undisputed. Between 1950 and 1955 Leo and Evelyn Lamoureux, husband and wife, acquired three parcels of real estate in joint tenancy with a right of survivorship. Evelyn died July 14, 1981, survived by Leo. On August 10 of that year Leo attempted to disclaim a remainder interest in an undivided one-half interest in the property that he and his wife had held as joint tenants. This disclaimer was designed to preserve a life estate in the property for Leo while leaving the remainder to their children.

The Iowa Department of Revenue (department) refused to recognize the dis-

---

1. The applicable Iowa Code is the 1981 version as amended by 1981 Iowa Acts ch. 197. As the section has remained unchanged to date, it will be cited without reference to year.

claimer and imposed an inheritance tax upon this remainder interest. It claims that the disclaimer is barred because it was not made within nine months of the original creation of the joint tenancy in the 1950s and because Leo accepted the interest he seeks to disclaim. Evelyn's estate paid the tax and filed a claim for refund which was denied. The validity of this denial is now before us.

I. *Time for disclaimer.* The initial issue concerning time for disclaimer requires interpretation of the terms found in the present section 633.704. Thus, we examine the history and purpose of this section to help discern the legislature's intent.

The obvious purpose of the original disclaimer statute was to equalize the treatment of transferees in testate and intestate estates. Prior to its enactment, property passing by will could be renounced while property passing by intestacy could not. *Seeley v. Seeley*, 242 Iowa 220, 223-25, 45 N.W.2d 881, 883-84 (1951). Thus, will beneficiaries could elect to avoid transfer taxes and thwart creditors by disclaimer, while heirs at law did not possess this power. In 1972 the legislature remedied this inequity by enacting 1972 Iowa Acts chapter 1128, section 11, which allowed both persons taking by will and those taking by intestacy to disclaim on an equal basis. This original provision made no specific reference to property held in joint tenancy.

In 1981 the legislature replaced the old disclaimer statute with a new one. 1981 Iowa Acts ch. 197 (codified at Iowa Code § 633.704 (1987)). The present section, in defining the right of disclaimer, states in relevant part:

A person ... is not required to take ... as a transferee including a transferee in joint tenancy.... If the requirements of this section are met, a person may disclaim, in whole or in part, the transfer of a power, or the transfer, receipt of, or entitlement or succession to, any property, real or personal, or any interest in property....

Iowa Code § 633.704(1). The statute provides such transferees a nine month time limit for disclaimer, commencing upon "the transfer of the property, interest, or right...." § 633.704(2)(a).[2] When reading subsections (1) and (2) together it is apparent that the transfer which makes one a "transferee in joint tenancy" is the same "transfer" which triggers the nine month disclaimer period. The issue is whether this "transfer" is the original creation of the joint tenancy or the passing of the survivorship interest at one joint tenant's death. This dispute centers on differing notions of the nature of a joint tenant's interest. Consequently, we briefly review legal principles concerning ownership of property in joint tenancy.

Iowa has recognized common law rules allowing ownership of property in joint tenancy. The essential elements of this type of ownership are that the property be held by two or more parties jointly, with equal rights to share in the enjoyment of the whole property during their lives, and a right of survivorship which allows the surviving party to enjoy the entire estate. *See In re Winkler's Estate*, 232 Iowa 930, 932, 5 N.W.2d 153, 155 (Iowa 1942). Because each joint tenant owns the whole, death of a joint tenant does not enlarge the surviv-

---

**2.** This subsection also includes provisions for those under eighteen years of age or who lack actual knowledge of the transfer. It provides:

*a. Time of disclaimer.* The disclaimer instrument shall be received by the transferor of the property, interest, or right, the transferor's fiduciary, or the holder of the legal title to which the property, interest, or right relates, not later than the date which is nine months after the later of the date on which the transfer of the property, interest, or right is made, or the date on which the disclaimant attains eighteen years of age. The nine-month period for making a disclaimer shall be determined with reference to each transfer. With respect

to a testamentary transfer, the transfer occurs upon the date of the decedent's death. Any property, interest, or right may be disclaimed nine months after the date of the disclaimant's eighteenth birthday even though the disclaimant received benefits from the property, interest, or right without any action on the disclaimant's part before attaining eighteen years of age. However, if a person entitled to disclaim does not have actual knowledge of the existence of the transfer, the disclaimer may be made not later than nine months after the person has actual knowledge of the existence of the transfer.

or's interest, it merely extinguishes an interest to which the survivor's interest was subject. *Perez v. Pogge,* 303 N.W.2d 145, 147 (Iowa 1981); *Wood v. Logue,* 167 Iowa 436, 441–42, 149 N.W. 613, 615 (1914). The survivor does not take or receive anything from the deceased tenant because title to the whole derives directly from the grantor by the deed which created the joint tenancy. *Wood,* 167 Iowa at 442, 149 N.W. at 615.

Relying on these principles, the department urges that no transfer occurred at Evelyn's death in 1981. Rather, the transfer that triggered the nine month disclaimer period was the original conveyance creating the joint tenancy.

While the department's position fits neatly into the traditional concepts of common law joint tenancy, we do not believe these precepts bind us in our interpretation of the language of the statute. When the legislature amended the statute to allow a "transferee in joint tenancy" to disclaim a "transfer" of property, it was referring to the accrual of additional rights and interest to the surviving joint tenant which occurs upon the death of the other joint tenant.

■ A surviving joint tenant clearly acquires greater rights in the property when the other tenant dies. For example, a joint tenant can only convey a fractional interest while the survivor, as sole owner, may sell the whole. *See Frederick v. Shorman,* 259 Iowa 1050, 1059–60, 147 N.W.2d 478, 484 (1966). The sole surviving joint tenant may retain title to all of the real property whereas prior to the death of the other joint tenant there is only power to retain title to a fractional interest, as the property is subject to partition. *See Hockett v. Larson,* 742 F.2d 1123, 1126 (8th Cir.1984). Likewise, a sole surviving joint tenant may keep all rents and profits and need not account for rents and profits exceeding a proportional interest. *See* 20 Am.Jur.2d *Co-tenancy and Joint Ownership* § 80 (1965). A sole surviving joint tenant is also free to use the property in a wasteful manner, is entitled to lease all of the property, retain possession of the whole and may encumber the whole.

This additional interest which accrues at the death of a joint tenant may be referred to as the "accretive interest" while the undivided interest in the whole held by each joint tenant before the death of one of them may be referred to as the "proportional interest." Uchtmann & Zigterman, *Disclaimers of Joint Tenancy Interests Revisited,* 18 Creighton L.Rev. 333, 342 (1985). We adopt these terms for the balance of our opinion.

■ We have previously recognized that the passing of these accretive rights to a surviving joint tenant is an event separate from the original creation of the joint tenancy. In *Horner v. Iowa State Tax Commission,* 234 Iowa 624, 12 N.W.2d 166 (1943), we stated:

> However, there were two successions, each of which resulted in tax liability under the statute. The first was the transfer to appellant and William Horner, which created the joint tenancy....
>
> Upon the death of William Horner there was a subsequent accrual to appellant of rights in the property not previously possessed by her.... the interest thus received by appellant "accrued by reason of the event of death of the cotenant, and not by reason of the transfer theretofore made which created the joint tenancy."

Id. at 626–27, 12 N.W.2d at 167 (quoting *Gwinn v. Commissioner,* 54 F.2d 728, 730 (9th Cir.), *aff'd,* 287 U.S. 224, 53 S.Ct. 157, 77 L.Ed. 270 (1932)). The United States Supreme Court has agreed that when a joint tenant dies there is "a distinct shifting of economic interest, a decided change for the survivor's benefit." *United States v. Jacobs,* 306 U.S. 363, 371, 59 S.Ct. 551, 555, 83 L.Ed. 763, 769 (1939). Both *Horner* and *Jacobs* held that the accrual of rights which occurs at the death of joint tenant is a sufficient event to impose an inheritance tax.

■ While the passing of the accretive interest is recognized for inheritance tax purposes, the present issue is whether the legislature intended to refer to this passing when it created a limitation period com-

**632**

mencing on the date of "transfer." § 633.-704(2)(a). A comparable issue was addressed by the Seventh Circuit in *Kennedy v. Commissioner*, 804 F.2d 1332 (7th Cir. 1986), where the court held that under 26 U.S.C. section 2518 (1976) the disclaimer period for a joint tenant's accretive interest commences on the date of the other joint tenant's death. Section 2518 allows a person to disclaim an interest in property within nine months after "the day on which the transfer creating the interest is made." 26 U.S.C. § 2518(b)(2)(A). The court reasoned that a "transfer" occurred at the joint tenant's death because prior to that time there had been an absolute right to partition the property and defeat the survivorship interest. The court stated:

> We therefore conclude that the gift of a joint tenancy with right of survivorship should be treated as more than one transfer in states that allow any tenant to partition the property at will. One transfer is an undivided interest, given on the date the tenancy is created. Additional transfers occur on the death of other joint tenants.

*Kennedy*, 804 F.2d at 1336. This result was reached despite a new federal agency regulation which required a survivorship interest in land to be treated as a completed irrevocable gift on the date the joint tenancy was created, *see* 26 C.F.R. § 25.-2518–2(c)(4)(i), 51 Fed.Reg. 28365 (1986), because the regulations did not discuss the effect of an absolute power to partition. *Kennedy*, 804 F.2d at 1335. The court also distinguished an earlier case, *Jewett v. Commissioner*, 455 U.S. 305, 102 S.Ct. 1082, 71 L.Ed.2d 170 (1982), which held that under the same statute a contingent future interest is transferred on the date it is created rather than on the date it vests. The court reasoned that while a future interest has an ascertainable present value, a survivorship interest subject to a right of partition cannot be valued at the time it is created. *Kennedy*, 804 F.2d at 1334–35.

In Iowa, a joint tenant has an absolute right and power to partition the property and thereby defeat the survivorship interest of the other joint tenant. *Frederick v. Shorman*, 259 Iowa 1050, 1059–60, 147 N.W.2d 478, 484 (1966); *Keokuk Sav. Bank & Trust Co. v. Desvaux*, 259 Iowa 387, 392, 143 N.W.2d 296, 299 (1966). Thus, the Seventh Circuit's rationale in *Kennedy* applies. Because we find the construction of the federal statute in *Kennedy* logical and persuasive, we likewise interpret the word "transfer" in Iowa's disclaimer statute to include the passing of rights at the death of a joint tenant.

A similar result was reached by a United States District Court in *Hoffman v. United States*, 85–2 U.S. Tax Cases (CCH) ¶ 13,630 (D.Neb.1985) [Available on WESTLAW, DCT database], where the court stated:

> As such, it is more consistent with the actual operation of the modern joint tenancy estate to say that upon the death of one joint tenant, his interest in the property, except the right of survivorship, is transferred to the other joint tenant, creating in the survivor an interest which can be renounced.

*Id.* (citing *Ferguson v. United States*, 81–1 U.S. Tax Cases (CCH) ¶ 13,409 (D.Ariz. 1981) [Available on WESTLAW, DCT database] ). Although the *Kennedy, Hoffman,* and *Ferguson* cases all arose in states where statute provided express authority to disclaim a joint tenancy survivorship interest, that fact is not particularly relevant. The federal scheme allows a party to disclaim for federal estate tax purposes certain interests which may be disclaimed under state law. Therefore the issue in those cases was whether 26 U.S.C. section 2518 was broad enough to allow disclaimer of a joint tenant's accretive interest which state law allowed to be disclaimed. Consequently, the courts were construing the federal statute and not the state statutes. Construction of the word "transfer" in the federal statute is applicable by analogy to Iowa's disclaimer statute.

Additional reasons exist for construing section 633.704 to allow disclaimer of the surviving joint tenant's accretive interest. Under Iowa law related statutes must be considered with reference to each other under the concept of *pari materia. In re Estate of Bliven*, 236 N.W.2d 366, 369 (Iowa 1975). Because section 633.704 al-

lows a person to disclaim property passing upon the death of another, it should be construed in pari materia with Iowa's chapter on inheritance tax. Iowa Code ch. 450. In *Bliven*, 236 N.W.2d at 372, we construed chapter 450 in pari materia with section 633.350 of the Iowa Probate Code which dealt with passing of title in a decedent's estate. Because *Bliven* so holds and because section 633.704 is intended to facilitate avoidance of transfer taxes, section 633.704 should be construed in light of the inheritance tax scheme.

In *Horner v. Iowa State Tax Commission*, 234 Iowa 624, 12 N.W.2d 166 (1943), we held that under Iowa Code section 450.3 a surviving joint tenant's accretive interest is taxable. *Id.* at 627, 12 N.W.2d at 167. The present inheritance tax statute expressly includes "[p]roperty which is held in joint tenancy by the decedent and any other person" within the property to be taxed. Iowa Code § 450.3(5) (1987). If section 633.704 is construed as requiring disclaimer within nine months of the creation of the survivorship interest rather than the accrual of that interest the result will be that a "transfer" for taxation purposes is not a "transfer" for purposes of avoiding that taxation. This result would conflict with the obvious purpose of the disclaimer statute. In construing statutes the court should look to the object to be accomplished and construe the statute so as to best effect that purpose. *Isaacson v. Iowa State Tax Comm.*, 183 N.W.2d 693, 695 (Iowa 1971).

Finally, in construing statutes we assume that an amendment is intended to accomplish some purpose and is not simply a futile exercise of legislative power. *Western Outdoor Advertising Co. v. Board of Review*, 364 N.W.2d 256, 258 (Iowa 1985). Thus, it must be assumed that the legislature, in amending section 633.704, had some purpose in adding the language on joint tenancy quoted above.

Prior to a death, the joint tenancy may be severed by agreement, conveyance, or other alienation of title by one tenant. *See Baker v. Cobb*, 247 Iowa 1380, 1385–86, 78 N.W.2d 863, 866–67 (1956). Consequently, a right of disclaimer adds little to already available rights until the death of one joint tenant. At that time, disclaimer rights assume importance as a postmortem tax planning device. If the nine month disclaimer period commences upon original transfer, it will, in the vast majority of cases, expire before the right to disclaim becomes meaningful for postmortem tax planning. Such a result would thwart the legislative intent in allowing disclaimers.

In order to sensibly construe the statute we must interpret the date of "transfer" referred to in section 633.704(2)(a) to mean the date of death of the joint tenant. Thus, death of the joint tenant, rather than the original conveyance, will trigger the nine month disclaimer period. The trial court erred in holding the disclaimer period had expired. This decision is a matter of statutory interpretation and is not intended to affect the common-law principles of joint tenancy.

■ II. *Waiver by acceptance.* Under the statute an otherwise timely disclaimer may be barred by "an acceptance of any property, interest or right, by … (a) joint owner … before the expiration of the period in which a person may disclaim…." § 633.704(4). The district court alternately found the disclaimer invalid because Leo had "accepted the benefits of the joint tenancy property by farming the land continuously from the date of acquisition, farming the land after Evelyn Lamoureux's death and continuing to farm the land today." We disagree with this conclusion.

Leo seeks only to disclaim a remainder interest in the accretive share passing to him upon Evelyn's death. He is not disclaiming a life interest in the accretive share or his proportional interest. There are two possible times that Leo could have accepted the benefits of the interest he seeks to disclaim: (1) the time prior to Evelyn's death and (2) the time after Evelyn's death.

As a joint tenant with Evelyn during her lifetime, Leo had an equal right to share in the enjoyment of the entire estate. *See Fleming v. Fleming*, 194 Iowa 71, 81, 174 N.W. 946, 950 (1919), *supplemented*, 194 Iowa 104, 180 N.W. 206 (1920), *and*, 194

**634**

Iowa 122, 184 N.W. 296 (1921), *writ of error dismissed*, 264 U.S. 29, 44 S.Ct. 246, 68 L.Ed. 547 (1924). His use of the proportional interest before her death was a matter of right and could not be deemed as an acceptance of the accretive share he received on her demise.

After Evelyn's death Leo's use of the property was as a life tenant of the accretive share and as an owner of his proportional interest. A life tenant and owner obviously have the right to possess and utilize the property. There is no evidence Leo accepted the remainder interest of the accretive share.

We conclude that prior to his disclaimer, Leo did not accept any benefits that were not his as owner of a proportional interest and life estate in the accretive interest of the property. The district court erred in holding to the contrary.

The ruling of the district court is reversed and the matter is remanded for entry of judgment consistent with this holding.

REVERSED AND REMANDED.