2007 UT App 245

**John K. CROWLEY, Plaintiff and Appellant,**

v.

**Chris BLACK, Defendant and Appellee.**

No. 20060712–CA.

Court of Appeals of Utah.

July 12, 2007.

Brian M. Barnard, Salt Lake City, for Appellant.

Randall T. Gaither, Salt Lake City, for Appellee.

Before BENCH, P.J., GREENWOOD, Associate Presiding Judge, and ORME, J.

## OPINION

BENCH, Presiding Judge:

¶ 1 Plaintiff John K. Crowley contests the trial court's ruling that prejudgment interest and attorney fees should not be included as part of Plaintiff's award. We reverse and remand.

## BACKGROUND

¶ 2 In July 1996, Defendant Chris Black entered into a lease for a house owned by Plaintiff and located in Sandy, Utah. In June 1997, Defendant entered into a second, substitute lease for the same house. The agreement for the second lease included the following provision for attorney fees:

In the event that the Owner shall prevail in any legal action brought by either party to enforce the terms hereof or relating to the demised premises, Owner shall be entitled to all costs incurred in connection with

such action, including a reasonable attorney fee.

¶ 3 In December 2001, Defendant terminated his lease and moved out of the house.[1] Plaintiff commenced this action in September 2002 to recover damages for lost rent and the cost of repairs incurred in connection with Defendant's breach of the lease. Plaintiff's complaint requested $5538.76 for repair costs and $1281.25 for lost rent. Plaintiff estimated $1500 for court costs and attorney fees. Defendant denied owing any money to Plaintiff. The trial court found that the house sustained abnormally high wear and tear during Defendant's lease. The trial court held that Plaintiff was entitled to $4141.76 in damages for the cost of repairs. The court also awarded $1462.50 in damages for lost rent, but credited Defendant with $925 for his security deposit. In total, the court awarded $4679.26 in damages to Plaintiff.

¶ 4 At the end of trial, the court stated that "[Plaintiff] certainly did not prevail to the total amount" requested. Thus, the court found that there was no prevailing party and declined to grant attorney fees. The court did, however, award Plaintiff $327.80 for court costs. In his proposed Order and Judgment, Plaintiff included prejudgment interest in addition to the damages for lost rent and the cost of repairs. Defendant objected to the inclusion of prejudgment interest, and the trial court sustained Defendant's objection, denying Plaintiff any prejudgment interest.

## ISSUES AND STANDARDS OF REVIEW

¶ 5 Plaintiff contends that the trial court failed to apply the correct legal standard for awarding prejudgment interest and thus erred in refusing the request for prejudgment interest. "Whether prejudgment interest is available to a prevailing party is generally a question of law reviewed for correctness." *Whitney v. Faulkner*, 2004 UT 52, ¶ 8, 95 P.3d 270.

¶ 6 Plaintiff also argues that he was the prevailing party and that the trial court should have awarded attorney fees to Plaintiff in accordance with the contractual provision. "Whether attorney fees are recoverable in the present case is a question of law that we review for correctness." *Rohan v. Boseman*, 2002 UT App 109, ¶ 17, 46 P.3d 753. In contrast, "[w]hich party is the prevailing party is an appropriate question for the trial court." *R.T. Nielson Co. v. Cook*, 2002 UT 11, ¶ 25, 40 P.3d 1119. "We therefore review the trial court's determination as to who was the prevailing party under an abuse of discretion standard." *Id.*

## ANALYSIS

### I. Prejudgment Interest

¶ 7 Plaintiff argues that the trial court erred by refusing to award prejudgment interest. A party is entitled to interest on past due money when both the amount due and the due date may be ascertained. *See Lignell v. Berg*, 593 P.2d 800, 809 (Utah 1979). Utah courts have described the standard for determining whether a given damage award merits prejudgment interest: " '[W]here the damage is complete and the amount of the loss is fixed as of a particular time, and that loss can be measured by facts and figures, interest should be allowed from that time ... and not from the date of judgment.' " *Canyon Country Store v. Bracey*, 781 P.2d 414, 422 (Utah 1989) (alterations in original) (quoting *First Sec. Bank of Utah v. J.B.J. Feedyards, Inc.*, 653 P.2d 591, 600 (Utah 1982)). Some types of damages are not eligible for prejudgment interest, such as "personal injury, wrongful death, defamation of character, false imprisonment," and other damages that are not readily quantifiable but "must be ascertained and assessed by the trier of the fact at the trial." *Id.*

¶ 8 In this case, the trial court determined appropriate damages from lost rent and the cost of repairs by calculating known amounts and identifying clear dates. To measure lost rent, the trial court reviewed the monthly rental rate and the amount of time the property remained vacant after Defendant termi-

---

1. Plaintiff alleged in his affidavit and complaint that Defendant terminated the lease and vacated the premises in December 2000. The trial court, however, cited December 2001 as the date of termination, and the trial record supports that as the correct date.

nated the lease. The trial court reduced the damages sought for lost rent from one month to half a month, opining that it is normal for a rental property to remain vacant for a limited time between a prior tenant moving out and a subsequent tenant moving in.[2] The court attributed most of the repair costs to damage caused by Defendant. The court did, however, reduce the damages sought by designating certain repairs as either normal wear and tear or as repairs resulting from Plaintiff's own failure to maintain the property. Finally, the trial court found that Plaintiff had not returned Defendant's $925 security deposit. Without objection from Plaintiff, the trial court credited Defendant with $925 for his security deposit.

¶ 9 Although the trial court determined which costs to include and which to exclude, this determination did not render the resulting damage award less "measurable by facts and figures." *Id.* The court found that Defendant had terminated his lease by a specific date. The court reviewed receipts and work orders submitted by Plaintiff to establish the dates of repairs and their associated costs. Based on the record, the court had sufficient information to ascertain both "the amount due and the due date" of the damages. *Lignell,* 593 P.2d at 809. Thus, Plaintiff's damages qualified for prejudgment interest.

¶ 10 Defendant asserts that the trial court properly refused to include prejudgment interest because Plaintiff's request for prejudgment interest was not timely. We disagree. The failure to request prejudgment interest prior to judgment is not fatal because " 'the interest issue is injected by law into every action for the payment of past due money.' " *Fitzgerald v. Critchfield,* 744 P.2d 301, 304 (Utah Ct.App.1987) (quoting *Lignell,* 593 P.2d at 809). The award in this case results from such an action.

¶ 11 We therefore hold that the trial court erred by refusing to award prejudgment interest as part of Plaintiff's damages.

## II. Attorney Fees

¶ 12 Plaintiff claims that the trial court erred by refusing to award him attorney fees. In Utah, attorney fees may be awarded "if authorized by statute or by contract." *Dixie State Bank v. Bracken,* 764 P.2d 985, 988 (Utah 1988). A court should grant reasonable attorney fees in accordance with a written contractual provision. *See Cobabe v. Crawford,* 780 P.2d 834, 836 (Utah Ct.App.1989). A court may, however, refuse to grant attorney fees in extraordinary circumstances. *See id.* at 836 n. 3 (citing examples of conduct justifying the refusal of attorney fees, such as forfeiture, multiple rejected settlement offers, and acting improperly). No such extraordinary circumstances are present here. Further, we consider a "contractual provision allowing attorney fees 'in connection with litigation' to include appeals." *Id.* at 837. The written, signed lease agreement before us includes a provision stating that Plaintiff is entitled to attorney fees if he prevails in an action related to the lease agreement or the rental property.[3] We therefore address the question of whether the trial court abused its discretion by ruling that there was no prevailing party.

¶ 13 In certain circumstances, a court may easily determine which party is the prevailing party. For example, "[w]here a plaintiff sues for money damages, and plaintiff wins, plaintiff is the prevailing party; if defendant successfully defends and avoids adverse judgment, defendant has prevailed." *R.T. Nielson Co. v. Cook,* 2002 UT 11, ¶ 23, 40 P.3d 1119. Other circumstances, however, may require more complex analysis, such as when the case involves "multiple claims and parties," when the court awards "non-monetary relief" to one or more parties, or when the "ultimate award of money damages does not adequately represent the actual success of the parties under the peculiar posture of the case." *Mountain States Broad. Co. v. Neale,* 783 P.2d 551, 555 n. 7 (Utah Ct.App. 1989). When undertaking this more complex

---

**2.** Plaintiff did not cross-appeal the trial court's taking judicial notice of this circumstance.

**3.** Utah Code section 78–27–56.5 would have provided a basis for Defendant likewise to recover his attorney fees had he been the prevailing party. *See* Utah Code Ann. § 78–27–56.5 (2002).

analysis, courts consider additional factors, including the following:

(1) contractual language, (2) the number of claims, counterclaims, cross-claims, etc., brought by the parties, (3) the importance of the claims relative to each other and their significance in the context of the lawsuit considered as a whole, and (4) the dollar amounts attached to and awarded in connection with the various claims.

*R.T. Nielson Co.,* 2002 UT 11 at ¶ 25, 40 P.3d 1119.

¶ 14 The trial court's findings of fact make clear that Plaintiff was the prevailing party. As detailed above, the trial court awarded damages to Plaintiff for the majority of both the individual repairs claimed and the total dollar amount requested. The court did reduce the total damages by the amount of Defendant's security deposit and by the amount of damages held to be Plaintiff's responsibility. These reductions, however, cannot be considered a substantial victory for Defendant or a reflection of excessive demands by Plaintiff, especially given that throughout the lawsuit Defendant denied owing Plaintiff any money.

¶ 15 We also note that the trial court awarded court costs to Plaintiff in accordance with rule 54(d) of the Utah Rules of Civil Procedure. A court awards costs "as [a matter] of course to the prevailing party unless the court otherwise directs." Utah R. Civ. P. 54(d)(1). From every indication, the court awarded rule 54(d) costs to Plaintiff as "the prevailing party." *Id.*

¶ 16 We conclude that the trial court abused its discretion by not designating Plaintiff as the prevailing party for the purpose of awarding attorney fees. As a result, the court erroneously refused to grant the contractually provided attorney fees.

## CONCLUSION

¶ 17 The trial court erred by refusing to award prejudgment interest to Plaintiff. Further, the trial court abused its discretion when it determined that there was no prevailing party. Plaintiff clearly prevailed in this case and was entitled to the contractually provided attorney fees. We remand for an

appropriate award of prejudgment interest. We also remand for a determination of the attorney fees reasonably incurred by Plaintiff at trial and on appeal.

¶ 18 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge, and GREGORY K. ORME, Judge.